**STATE of Missouri, Respondent,**

v.

**Glen R. RELIFORD, Appellant.**

**No. WD 39075.**

Missouri Court of Appeals,
Western District.

April 5, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1988.

Application to Transfer Denied
July 26, 1988.

Sean D. O'Brien, Public Defender, Jo Ann Arnold, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and SHANGLER and BERREY, JJ.

BERREY, Judge.

Glen Reliford, defendant, was convicted by a jury in the Circuit Court of Jackson County of robbery second degree and was sentenced as a prior offender to fifteen (15) years in the Missouri Department of Corrections to run consecutively with a sentence imposed in another case. Defendant alleges four points on appeal; however, it will only be necessary to address Point II as it is dispositive of the case. In this point, defendant contends the prosecutor had systematically excluded blacks from the jury contrary to the principles set forth in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). For the reason the prosecuting attorney failed to demonstrate neutral explanations for using his peremptory challenges to strike venire members, the cause is reversed and remanded for a new trial.

In order for a defendant to establish a *prima facie* case of discrimination under *Batson* the defendant must show:

1. that he is a member of a cognizable racial group;
2. that the prosecuting attorney has used peremptory challenges to remove from the venire members of the defendant's race; and
3. an inference that the prosecutor used [peremptory challenges] to exclude the veniremen from the petit jury on account of race

*Id.*, 106 S.Ct. at 1722-3. In this case, defendant is black, and the prosecutor used five of its six peremptory strikes to remove all five blacks who were qualified veniremen.

■ The crux of this case involves the "neutral explanation" given by the prosecutor under *Batson*. *Batson* requires that this explanation be (1) neutral; (2) related to the case to be tried; (3) clear and reasonably specific; and (4) legitimate. *See State v. Butler*, 731 S.W.2d 265, 268 (Mo.App. 1987). Evaluating the neutral explanation required by *Batson* is ordinarily a trial court function and appellate courts will not reverse unless the findings are clearly erroneous. *Id.*, at 271. The following observation was made by the trial judge:

All right. The Court finds the prosecution has given legitimate reasons for the striking of the jurors mentioned by the defendant and the defense's motion will be overruled. And we will now proceed with the case.

Is there some other record that you want to make?

This was a finding of fact and thus, the reviewing court in its examination should look at all the evidence and not reach the conclusion that a finding is clearly erroneous unless convinced both definitely and firmly, that a mistake has been made. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987). This is exactly the impression given by the instant case. "In light of the decision in *Antwine*, trial courts are expected to provide findings of fact or detailed explanations on the record of the basis for their determination as to whether or not the prosecutor engaged in purposeful discrimination in the selection of the jury panel." *State v. Herron*, 745 S.W.2d 835, 837 (Mo.App.1988). As the trial judge is now deceased we cannot remand this case for further findings as is done in *State v. Herron, supra,* at 837.

■ A neutral explanation must be more than facially legitimate. *State v. Antwine, supra,* 743 S.W.2d at 65. *Antwine* stands for the proposition that *Batson* would be a charade if prosecutors were allowed to conceal a discriminatory motive within facial legitimacy. *Id.* One of the objective criteria suggested by *Antwine* in evaluating the explanation offered by the State is "whether similarly situated white veniremen escaped the State's challenges" vis-a-vis black veniremen. *Id.* It is clear on the record that this is exactly the problem with finding the neutral explanation required by *Batson* in the instant case.

■ Cunnie Randle, a black man, stated that he knew a Reliford from church. In striking Randle the prosecutor stated that Randle might feel uncomfortable under the circumstances in rendering a verdict against the defendant. The prosecutor did not, however, strike a similarly situated white venireperson. Teter, a white man stated that he knew a Reliford from work.

The prosecutor did not strike him, nor did he offer any explanation as to why Teter was treated differently than Randle.

Thus, after reviewing the explanation given by the prosecutor in light of the voir dire, this court finds the state did not carry its burden of proof of "neutral explanation" to rebut the defendant's *prima facie* case of discrimination. The cause is reversed and remanded for a new trial.

All concur.